**Opinion filed July 2, 2026**



## In The

# Eleventh Court of Appeals

_____

## No. 11-24-00314-CR

_____

## YVONNE CHRISTINA RODRIGUEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 30268-A**

## M E M O R A N D U M   O P I N I O N

Appellant, Yvonne Christina Rodriguez, entered an open plea of guilty to the second-degree felony offense of possession of a controlled substance, namely methamphetamine, and a plea of true to two enhancement allegations. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West Supp. 2025); TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2025). After the completion of a pre-sentence

investigation (PSI) and a hearing on punishment, the trial court assessed Appellant's punishment of imprisonment for forty years in the Institutional Division of the Texas Department of Criminal Justice and entered judgment consistent therewith. We affirm the judgment as modified.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel states that he has professionally and conscientiously examined the record and applicable law and has concluded that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Appellate counsel specifically concludes that no arguable grounds for appeal exist with respect to: (1) the sufficiency of the evidence; (2) the legality of the sentence; (3) the voluntariness of Appellant's plea; and (4) the sufficiency of the State's notice of enhancement. Counsel further concludes that the record does not support a claim of ineffective assistance of trial counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984).

Appellant's court-appointed counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of her right to object to counsel's motion to withdraw, to review the record and file a pro se response to counsel's *Anders* brief, and to file a petition for discretionary review. *See* TEX. R. APP. P. 6.5, 68. In doing so, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant filed several pro se letters in response to counsel's *Anders* brief. In her initial letter to the court, Appellant requested the appointment of another attorney to represent her during the appeal. After being notified by this court that we do not have jurisdiction to appoint counsel, Appellant's second letter requested an extension of time to file a more appropriate response.

Appellant thereafter filed a letter raising the following arguments in response to counsel's *Anders* brief. Appellant disputes counsel's opinion that any potential appellate issues would be "frivolous" and argues that by pleading guilty, she believed that she would be sentenced "to rehab with extensive probation." Appellant states that she had signed an "agreed upon plea deal" to this effect and maintains she would not have agreed to plead guilty otherwise. Appellant argues that she was "not of sound mind" during the proceedings, as evidenced by her confusion expressed to the court and the Pre-Sentence Investigation (PSI) report, which indicated she was on multiple mental health prescriptions.[1] Appellant additionally argues that she had been improperly admonished regarding the punishment range and she understood her sentencing range to be five to ninety-nine years—not twenty-five to life.

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that the appeal is frivolous and without merit.[2] With respect to Appellant's alleged incompetency and the purported existence of a "plea deal" for probation, signed written admonishments appear in the record indicating that the only "plea recommendation" before the trial

---

[1] We note that the PSI is not in the appellate record.

[2] We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

court was the completion of a PSI.  Page two of the written admonishments includes a section entitled "No Plea Agreement (Open Plea)," which stated:

> If you have plead guilty without benefit of a plea agreement, the plea proceeding is your trial.  Should the Court find you guilty, your punishment can be set anywhere within the range of punishment prescribed by law for the offense.  If you are eligible[,] you may receive deferred adjudication or community supervision, but there is no assurance that you will.  Once the Court has accepted your guilty plea, you cannot withdraw your plea without the permission of the Court.

Appellant's initials appear along the margins of this section, and her signature appears at the conclusion of the waiver.  The written waiver also included statements wherein, by signing, Appellant agreed that she was "aware of the consequences of [her] plea," was "mentally competent," was pleading "knowingly, freely, and voluntarily," and she had not been "threatened, coerced, forced, persuaded, or promised" anything in exchange for her plea.

Prior to entering a plea of guilty, Appellant was also orally admonished by the trial court that by pleading guilty, she would be facing up to life imprisonment as her second-degree felony had been enhanced due to a prior felony conviction.  *See* PENAL § 12.42(b), (d).  Appellant repeatedly affirmed that she understood there was "no plea agreement for a sentence" and that she was pleading guilty freely and voluntarily, had not been coerced or threatened into pleading guilty, and was pleading guilty because she was, in fact, guilty.  Appellant confirmed that her trial counsel had reviewed the written plea admonishments with her, and although she has been treated for mental illness, her condition did not preclude her from understanding the proceedings.  "The fact that a trial court duly admonished a defendant about her rights and the consequences of her guilty plea creates a prima facie showing that the defendant knowingly and voluntarily entered the plea."

*Stevens v. State*, 525 S.W.3d 893, 895 (Tex. App.—Eastland 2017, pet. ref'd) (citing *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998)).

Moreover, nothing in the trial court record raised a bona fide doubt as to Appellant's competency. *See Turner v. State*, 422 S.W.3d 676, 689 (Tex. Crim. App. 2013) ("The Texas Legislature has adopted the constitutional standard for competency to stand trial in Article 46B.003(a) of the Texas Code of Criminal Procedure." (citing TEX. CODE CRIM. PROC. ANN. art. 46B.003(a)(1) & (2) (West 2018))); *see, e.g.*, *Oliphant v. State*, No. 12-12-00185-CR, 2013 WL 3270869, at *1 (Tex. App.—Tyler June 25, 2013, no pet.) (mem. op., not designated for publication) (reviewing the record in *Anders* appeal and rejecting Appellant's pro se argument that his guilty plea was involuntary because of a "lack of mental competency and medical issues"); *Slaven v. State*, No. 02-10-00413-CR, 2012 WL 1964590, at *4 (Tex. App.—Fort Worth May 31, 2012, pet. ref'd) (mem. op., not designated for publication) (reviewing the same and determining that there was "nothing . . . that would raise a bona fide doubt as to Appellant's competence at the time of his guilty pleas"). Appellant was at all times coherent and appropriately responsive.

The term "open plea" accurately conveys that a defendant's precise punishment is unresolved. *Harper v. State*, 567 S.W.3d 450, 454–55 (Tex. App.—Fort Worth 2019, no pet.). On this record, we find unavailing Appellant's claims that she entered into anything but an open plea or that she entered the plea involuntarily or without complete control of her mental faculties.

Furthermore, while Appellant is correct in that the State provided delayed notice of one of the two enhancements,[3] Appellant did not object to the delayed

---

[3]The indictment contained a single enhancement paragraph, only providing notice of a prior conviction for the felony offense of possession of methamphetamine in 2009. *See* PENAL § 12.42(b).

5

notice at sentencing. Rather, she pleaded true to both enhancements and stated she understood the punishment range would be enhanced to twenty-five to ninety-nine years or life imprisonment. *See* PENAL § 12.42(d). When a defendant offers no defense to the enhancement allegations and does not request a continuance to prepare a defense, due process is satisfied. *Villescas v. State*, 189 S.W.3d 290, 294 (Tex. Crim. App. 2006); *Bates v. State*, 560 S.W.3d 332, 337 (Tex. App.—Amarillo 2018, pet. ref'd); *Hedrick v. State*, 473 S.W.3d 824, 834 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (same). We also note that Appellant's sentence of forty years was below the stated maximum provided during admonishments at the plea hearing *and* sentencing. *See Martinez*, 981 S.W.2d at 197 ("When a record shows that the trial court delivered an incorrect admonishment regarding the range of punishment, and the actual sentence lies within both the actual and misstated maximum, substantial compliance is attained.").

Thus, based upon our review of the record, we agree with counsel that no meritorious arguable grounds for appeal exist. *See Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) ("[C]ourts of appeals must decide whether the *Anders* appeal and subsequent *pro se* brief raise any meritorious 'arguable grounds' for review.").

We conclude, however, that the written judgment contains a nonreversible error because it incorrectly reflects "N/A" with respect to a second enhancement and findings. The appellate court has authority to reform the trial court's judgment to correctly reflect trial court proceedings, and this authority extends to the modification of a judgment to reflect that a defendant pleaded "true" to an enhancement. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *see, e.g., Johnson v. State*, No. 11-19-00137-CR, 2021 WL

1307426, at *5 (Tex. App.—Eastland Apr. 8, 2021, pet. ref'd) (mem. op., not designated for publication) (modifying the judgment to reflect the defendant pleaded "TRUE" to an enhancement where the judgment reflects "N/A").  In open court, Appellant pleaded true to the second enhancement, and the trial court found the second enhancement to be true.  Accordingly, we modify the trial court's judgment to reflect that Appellant "PLED TRUE" to the 2nd Enhancement Paragraph and it was "FOUND TRUE."

We grant counsel's motion to withdraw.  We modify the trial court's judgment, and we affirm the judgment of the trial court as modified.


W. BRUCE WILLIAMS
JUSTICE


July 2, 2026

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.